# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| **CARY ELLIS MALONE** | **CIVIL ACTION NO. 3:17-CV-568** |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **LA DEPT. OF SAFETY & CORRECTIONS, ET AL** | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* on April 24, 2017, by *pro se* plaintiff Cary Ellis Malone. Plaintiff brings the instant suit against the Louisiana Department of Safety and Corrections and Debra Bradford, asserting that the Monroe Division of Probation and Parole revoked his probation on March 11, 2015, without legal and just cause, put him in a fee collection program and removed $2,000 from his tax refund without legal authorization. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE**

### *Background*

On June 20, 2008, plaintiff was arrested in Monroe, Louisiana, in connection with the purchase of cocaine from an undercover officer. He pled guilty on July 14, 2009, to one charge of conspiracy to distribute cocaine, in violation of La. R.S. 40:967(A)(1) in Fourth Judicial District Court, criminal case number 08-F-001745. He was sentenced to 7 years hard labor, the first year to be served without the benefit of probation and parole, the remaining six years suspended, and placed on five years probation. He was ordered to pay a $1,000.00 fine and court costs. He notes that the hearing transcript, attached as an Exhibit to his complaint, did not set forth a payment of probation

fees. [Rec. Doc. 1, p. 7]

Plaintiff asserts that with credit for time served of one year prior to his sentence, his probation began on July 14, 2009, and was completed on July 14, 2014. He argues that the revocation of his parole on March 11, 2015, was without legal and just cause.

According to a December 14, 2012 minute entry, a hearing on a motion to revoke plaintiff's probation was scheduled for February 27, 2013. [Rec. Doc. 1-1, p. 2] The matter was continued numerous times until March 11, 2015, at which time his probation was revoked. *Id.* at 3. Plaintiff presumably spent time incarcerated following that revocation, but has since been released and is no longer in prison.

In November 2016, he was notified that his account with the Department of Public Safety and Corrections, Division of Probation and Parole was past due and, as such, he was placed in a fee collection program. [Rec. Doc. 1-1, p. 25] Due to nonpayment of this account, "more than ($2,000) two thousand dollars [was] removed from his tax refund." Rec. Doc. 1, p. 9; Rec. Doc. 1-1, pp. 29-36]

*Law and Analysis*

*1. Preliminary Screening*

Plaintiff is not a prisoner; however, he is proceeding in forma pauperis. District courts have authority under Section 1915 to dismiss a complaint sua sponte where the complaint "[1] is frivolous or malicious; [2] fails to state a claim on which relief may be granted; or [3] seeks monetary relief against a defendant who is immune from such relief." *Balistreri-Amrhein v. Verrilli*, 2017 U.S. Dist. LEXIS 25914 (E.D. Tex. Feb. 24, 2017) (citing 28 U.S.C. § 1915(e)(2)(B)); see *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997); *Kenechukwu v. Holder*, No. 9:15-CV-62, 2016 U.S. Dist. LEXIS 95247, 2016 WL 3961714, at *1-2 (E.D. Tex. June 10, 2016, report and recommendation adopted,

2016 U.S. Dist. LEXIS 95064, 2016 WL 3926576 (E.D. Tex. July 21, 2016). A court may dismiss a complaint under this standard "if it lacks an arguable basis in law or fact." *Id.* (quoting *Siglar*, 112 F.3d at 193; see *Moore v. Mabus*, 976 F.2d 268, 269-70 (5th Cir. 1992) (explaining the distinction between factual and legal frivolousness in *in forma pauperis* complaints). Although courts construe pro se filings liberally in this context, see, e.g., *Flanagan v. LaGrone*, No. 9:16-CV-59-MHS, 2016 U.S. Dist. LEXIS 102633, 2016 WL 4163557, at *1 (E.D. Tex. July 6, 2016), report and recommendation adopted, 2016 U.S. Dist. LEXIS 102159, 2016 WL 4140751 (E.D. Tex. Aug. 3, 2016), dismissal is appropriate where the claims have no chance of success, cf. *Booker v. Koonce*, 2 F.3d 114, 115-16 (5th Cir. 1993) (noting dismissal of claims with "some chance" of success is inappropriate at screening stage but affirming dismissal where pro se plaintiff's claim "[was] based upon an indisputably meritless legal theory"). Moreover, "[t]he statute applies equally to prisoner and non-prisoner cases." *Id.* (citing *Kenechukwu*, 2016 U.S. Dist. LEXIS 95247, 2016 WL 3961714, at *1-2 (citing *Newsome v. E.E.O.C.*, 301 F.3d 227, 231 (5th Cir. 2002) (per curiam) (applying Section 1915 to non-prisoner pro se litigant)); see, e.g., *Booker*, 2 F.3d at 115 (applying Section 1915 to non-prisoner, former arrestee who claimed wrongful arrest and affirming dismissal under Section 1915); *Patel v. United Airlines*, 620 F. App'x 352 (5th Cir. 2015) (per curiam) (applying Section 1915 to non-prisoner pro se litigant); *James v. Richardson*, 344 F. App'x 982, 983 (5th Cir. 2009) (per curiam) ("Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoner plaintiffs."); *Walters v. Scott*, No. H-14-1637, 2014 U.S. Dist. LEXIS 159190, 2014 WL 5878494, at *1 (S.D. Tex. Nov. 11, 2014) ("Section 1915(e)(2)(B) applies equally to prisoner and non-prisoner in forma pauperis cases."); *Sanchez v. Waguespack*, No. 09-6130, 2010 U.S. Dist. LEXIS 41553, 2010 WL 1727836, at *2 (E.D. La. Mar. 31, 2010) (same); *Hamilton v. Landmark of Richardson*, No. 3-02-CV-2681-K, 2002 U.S. Dist. LEXIS 24583, 2003 WL 131722,

at *1 n.1 (N.D. Tex. Jan. 8, 2003) (same); *Haqq v. Tex. Dep't of Hum. Servs.,* No. EP-07-CA-0156-FM, 2007 U.S. Dist. LEXIS 50229, 2007 WL 1958611, at *1 (W.D. Tex. June 29, 2007) ("Section 1915(e)(2)(B) applies to both prisoner and non-prisoner in forma pauperis cases."); cf. *Haynes v. Scott*, 116 F.3d 137, 139-40 (5th Cir. 1997) (interpreting Section 1915 and determining sections using either or both nouns "persons" and "prisoners" applied to non-prisoners and prisoners, while sections using only noun "prisoner" applied only to prisoners); 28 U.S.C. § 1915(e)(1)-(2) (using the term "person," not "prisoner")). The Court finds in accord with these authorities that Section 1915(e)(2)(B) applies to non-prisoners and prisoners alike. Accordingly, this Court has performed an initial review of the allegations

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); accord *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

## 2. *Heck v. Humphrey*

To the extent that plaintiff's claim for damages is based on the probation revocation and fees associated with his probation and parole, his claim fails. Under *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), a favorable ruling on the 42 U.S.C. §1983 claim would call into question the validity of the judgment that revoked Plaintiff's probation. *Heck* is applicable to §1983 claims that challenge revocation proceedings. See *Littles v. Bd. of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995); *McGrew v. Texas Bd. of Pardons and Paroles*, 47

4

F.3d 158, 161 (5th Cir. 1995).

Unless the plaintiff can demonstrate that a state court or other authorized tribunal has determined that he was improperly confined, he has no damages claim against any defendant cognizable under section 1983. See *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L. Ed. 2d 383 (1994)(a claim under §1983 is barred if success in the suit would necessarily imply the invalidity of an outstanding criminal conviction or his present confinement.) The thrust of *Heck* is to bar civil actions which, if decided favorably to the plaintiff, would necessarily imply the invalidity of the prior conviction or sentence. *Samuels v. Deville*, 2005 U.S. Dist. LEXIS 37442, 2005 WL 2106159 (W.D. La. Aug. 11, 2005). As such, his claims for damages are frivolous. See *Hamilton v. Lyons*, 74 F.3d 99, 102-103 (5th Cir. 1996)(a "claim which falls under the rule in Heck is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question.")

### 3. Prescription

If plaintiff's claims were not barred by *Heck*, they would be barred by the statute of limitations. Because there is no federal statute of limitations for actions brought pursuant to §1983, federal courts presiding over §1983 claims must borrow the statute of limitations provisions of the state in which the federal court sits. See *Owens v. Okure*, 488 U.S. 235, 236, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989) (citing *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985)); see also *Elzy v. Roberson*, 868 F.2d 793 (5th Cir. 1989); *Rodriguez v. Holmes*, 963 F.2d 799, 803 (5th Cir. 1992). Plaintiff's §1983 claim is therefore governed by Louisiana's statute of limitations provision for tort claims, which is one year. See *Elzy*, 868 F.2d at 794. This prescriptive period "commences to run from the day injury or damage is sustained." LA. CIV.CODE ANN. art. 3492. "Although state law controls the statute of limitations for §1983 claims, federal law determines when

a cause of action accrues." *Rodriguez*, 963 F.2d at 803 (citing *Brummett v. Camble*, 946 F.2d 1178, 1184 (5th Cir. 1991)). Under the federal standard, a cause of action accrues when "the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." Id. (citing *Helton v. Clements*, 832 F.2d 332, 335 (5th Cir.1987)). Plaintiff arguably had knowledge of the probation revocation and fees due in December 2012, when the first hearing to revoke his probation was set. [Rec. Doc. 1-1., p. 2] At the latest, he had knowledge of same in 2014, when his probation was admittedly revoked. The instant suit was not filed until April 2017. Thus, to the extent that *Heck* did not bar Plaintiff's claims, they are prescribed.

### *4. Immunity from Suit*

Finally, plaintiff names defendants, Debra Bradford, Administration with the Monroe Division of Probation and Parole, and the Louisiana Department of Public Safety and Corrections, who are both immune from suit. Parole board members are absolutely immune from suit in the exercise of their decision-making powers. See *Hulsey v. Owens*, 63 F.3d 354 (5th Cir. 1995) (citing *Walrath v. U.S.*, 35 F.3d 277, 281 & n. 2.); see also *Littles v. Bd. of Pardons & Paroles Div.*, 68 F.3d 122, 123 (5th Cir.1995) (per curiam); *Cruz v. Skelton*, 502 F.2d 1101, 1102 (5th Cir. 1974)(granting absolute immunity to parole board members when they are "engaged in the performance of quasi-judicial duties"). Alternatively, the parole office employee would be entitled to qualified immunity for her actions.

In addition, the Louisiana Department of Public Safety and Corrections is immune from suit under the Eleventh Amendment. *See Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 313-14 (5th Cir.1999) (*per curiam*); *Rogers v. Department of Corrections*, 263 F.3d 163 (5th Cir. 2001) (*per curiam*).

Therefore, for the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §1915(e)(2)(B) and 1915A.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, June 2, 2017.

_____
**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**