**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**MONROE DIVISION**

| | |
|---|---|
| **CARY ELLIS MALONE** | **CIVIL ACTION NOS. 3:17-CV-568** |
| | **3:17-CV-1025** |
| | **3:17-CV-1064** |
| | **3:18-CV-935** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **JAY RUSSELL, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

**RULING**

Pending before the Court is the Motion to Re-open and Reconsider Sua Sponte [Doc. No. 9 in Case No. 3:18-CV-935] which has been filed by Plaintiff Cary Ellis Malone ("Malone") in each of the above numbered actions.[1]

Malone's allegations in each of these actions are essentially the same. On April 24, 2017, in Case No. 3:17-CV-568, Malone filed suit against the Louisiana Department of Safety and Corrections and Debra Bradford, asserting that the Monroe Division of Probation and Parole revoked his probation in a hearing on March 11, 2015, in the Fourth Judicial District Court for Ouachita Parish, Louisiana without legal and just cause, and put him in a fee collection program and removed $2,000 from his tax refund without legal authorization. Judgment was rendered on July 6, 2017, dismissing Malone's complaint with prejudice.

On August 11, 2017, in Case No. 3:17-CV-1025, Malone filed suit against the Louisiana Department of Probation & Parole, Debra Bradford, and Holly Chambers Jones, asserting that the March 11, 2015 hearing and the actions of the defendants violated his constitutional rights.

---

1 Doc. No. 12 in 3:17-CV-568; Doc. No. 11 in 3:17-CV-1025; Doc. No. 11 in 3:17-CV-1064.

Judgment was rendered on September 15, 2017, dismissing Malone's complaint with prejudice as frivolous and for failing to state a claim on which relief may be granted.

On August 22, 2017, in Case No. 3:17-CV-1064, Malone filed suit against the Monroe Louisiana Division of Probation & Parole, Sheriff Jay Russell, Pat Johnson, Scott Smith, Holly Chambers Jones, and "Unknown Officers." Malone's complaint chronicled his time spent in custody, beginning with his 2008 arrest for Distribution of CDS II Cocaine and Conspiracy to Distribute CDS II Cocaine and ending with the completion of his incarceration at the Ouachita Parish Sheriff's Office Transitional Work Program in August 2015. He alleged discrepancies in a 2013 guilty plea as well as with a later probation revocation hearing. He contended that pursuant to his guilty plea of Possession of CDS II on March 25, 2015, material evidence favorable to him was suppressed and the plea was forced. He contended that Assistant District Attorney Holly Chambers Jones knowingly and willfully presented misleading information to the Court. He also claimed that he was kept in custody without just and probable cause. These claims arose from the same series of events and allege many of the same facts that were alleged in the earlier suits. Judgment was rendered on December 19, 2017, dismissing Malone's claims with prejudice as malicious.

On July 16, 2018, in Case No. 3:18-CV-935, Malone filed suit against Sheriff Jay Russell, Pat Johnson, and Scott Smith, alleging that his probation was revoked without due process and making allegations substantially similar to, and arising from the same series of events as, allegations he had raised in the prior proceedings. Judgment was rendered on August 20, 2018, dismissing Malone's claims with prejudice as frivolous and malicious, and ordering, as a sanction, that Malone be prohibited from filing any new civil action in this District without the

prior approval and authorization of the Chief Judge of this District.

On August 21, 2018, Malone filed the pending Motion to Re-open and Reconsider Sua Sponte in all of the above numbered proceedings, under Federal Rule of Civil Procedure Rule 60(b), alleging the discovery of new evidence and attaching transcripts of proceedings held before Fourth Judicial District Court Judge Larry Jefferson on February 23 and 26, 2018.

Under Rule 60(b), the Court "may relieve a party or its legal representative from a final judgment, order, or proceeding" for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).

The Court finds that Malone has failed to satisfy his burden under Rule 60. Although Malone claims in his motions that Judge Jefferson's ruling on February 26, 2018, confirms that Judge Jefferson did not enter a judgment revoking his probation and giving Defendants authority to incarcerate him on March 11, 2015, the transcripts he attaches to his complaint directly contradict that claim:

> BY THE COURT:
>
> Well, however, this motion that he has filed here, July 17, 2017, to set aside plea and sentence *nunc pro tunc* does bring up the issue of the probation proceedings. Even though he claims that the court never ordered probation revoked, the court did order the probation revoked, even though he's claiming it didn't.

[Transcript of proceedings on the 26th day of February, 2018, before Judge Larry Jefferson, Doc. No. 9-1, p. 34 in Case No. 3:18-CV-935]

Therefore, even if the Court were to consider the "newly discovered evidence" offered by Malone, it has no bearing on the claims against any of the named defendants in any of these proceedings.

Accordingly, Malone's Motion to Re-Open and Reconsider Sua Sponte [Doc. No. 9 in Case No. 3:18-CV-935, see other Doc. Nos. in Footnote 1] is **DENIED**. Furthermore, given Malone's abuse of process the Court clarifies that Malone is **SANCTIONED** and prohibited from filing any new civil action in this District and also prohibited from making any additional filings in any closed cases in this District, without the prior approval and authorization of the Chief Judge of this District.

MONROE, LOUISIANA, this 22nd day of August, 2018.

**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**